**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2011[*]
Decided March 24, 2011

*Before*

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-1280

| | |
|---|---|
| DENNIS L. HOHOL, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 07-C-1004 |
| | |
| CATHY JESS, et al., | C.N. Clevert, Jr., |
| *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

Dennis Hohol, a Wisconsin state prisoner, appeals the grant of summary judgment in his suit under 42 U.S.C. § 1983, claiming that four prison officials violated his First Amendment rights by denying him books that he purchased because they exceeded the allowable $75 limit set by the prison. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Hohol is an inmate at the Dodge Correctional Institution. In October 2007 a three-volume book set arrived for him at Dodge's mail room. The books, from the set entitled Wisconsin Court Rules and Procedure—State, Federal, and Local (2007), had been shipped directly from Thomson West, and a packing slip indicated their total cost was $110. This amount exceeded the allowable limit of $75 for a property item under Wisconsin's prison rules. *See* Division of Adult Institutions Policy and Procedure 309.20.01; Wis. Admin. Code § 309.20(5). Hohol submitted an offender complaint, contending that the set should have been allowed because each volume was a separate item costing less than $75. Warden Cathy Jess, as the reviewing authority, rejected his complaint based on the recommendation of institution complaint examiner Michael Beck. Corrections complaint examiner Tom Gozinske concurred in that determination, and his recommendation to dismiss Hohol's complaint was accepted by Amy Smith, Deputy Secretary of the Wisconsin Department of Corrections.

The district court granted summary judgment for Defendants Jess, Beck, Smith and Gozinske, finding that none of them was personally involved in the initial decision not to allow Hohol to receive the books, and in any event all defendants were protected by qualified immunity because their conduct (enforcing a prison policy placing monetary limits on personal property) was not clearly unconstitutional. The court denied Hohol's subsequent postjudgment motion.

The district court properly concluded that Defendants were not personally responsible for any deprivation of Hohol's constitutional rights and thus cannot be liable under § 1983, *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010); *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006). Although the Defendants approved the mailroom staff's decision to deny receipt, "[o]nly persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). An official "who rejects an administrative complaint about a completed act of misconduct does not [cause or contribute to the violation]." *Id*. at 609-10. Because Defendants did not cause or participate in the initial decision to deny receipt of the book set, they are not subject to liability under § 1983.

In any event, the district court properly determined in the alternative that the Defendants are protected by qualified immunity in that their conduct did not violate a "clearly established" constitutional right. *See Saucier v. Katz*, 533 U.S. 194, 201-02 (2001); *Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009). No law or analogous case suggests that a prison's internal review of a policy placing monetary limits on an inmate's personal property is unconstitutional, nor is such a policy so egregious that we would regard it as patently violative of a constitutional right. *See Estate of Escobedo v. Bender*, 600 F.3d 770, 780 (7th Cir. 2010); *Steidl v. Fermon*, 494 F.3d 623, 632 (7th Cir. 2007); *Siebert v. Severino*, 256 F.3d 648, 654-55 (7th Cir. 2001).

AFFIRMED.